IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL N. CLAVETTE,                          3:13-CV-0058-BR

       Plaintiff,                     OPINION AND ORDER

v.

DAWN PERSELS,

       Defendant.


PAUL N. CLAVETTE
16011 S. Timber Creek Lane
Oregon City, OR 97045
(503) 631-3392

       Plaintiff, *Pro Se*

ELLEN ROSENBLUM
Attorney General
JESSICA B. SPOONER
Assistant Attorney General
Oregon Department of Justice
1515 S.W. Fifth Avenue
Suite 410
Portland, OR 97201
(971) 673-1880

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#22) for Summary Judgment and Defendant's Motion (#31) for Summary Judgment.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

<u>BACKGROUND</u>

The following facts are taken from the parties' Memoranda and Declarations in support of their Motions for Summary Judgment.

At some point Plaintiff Paul Clavette was convicted of a crime[1] and placed on probation in Oregon.  Plaintiff subsequently sought a transfer of his probation to Washington under the Interstate Compact for Adult Offender Supervision (ICAOS).

On October 25, 2011, Plaintiff was allowed to move to Washington while the transfer of his probation to Washington was pending.

On December 6, 2011, Plaintiff's transfer was accepted by the State of Washington under ICAOS.

Plaintiff alleges the Washington Department of Corrections (WDOC) "attempted to apply special conditions [on his probation in Washington] that were contrary to Oregon, Washington, and

---

[1] Plaintiff's crime is not set out in the record.

2 - OPINION AND ORDER

Federal Laws." Am. Compl. at 3. Specifically, Plaintiff alleges in his Motion for Summary Judgment that the Klickitat County, Washington, Probation Department asked Plaintiff to sign a supervision plan that included substance-abuse testing for which Plaintiff would have to pay. Plaintiff refused to sign the plan because substance-abuse testing was not ordered by "the court" as part of his probation, Plaintiff does not have any history of substance abuse, and such a provision was not required under Washington law.

On January 10, 2012, "Oregon . . . received a violation report from Washington . . . describing Plaintiff's refusal to sign his offender supervision plan and refusal to comply with Washington's rules." Decl. of Dawn Persels at ¶ 3. WDOC recommended the Oregon Department of Corrections (ODOC) "retake" Plaintiff "due to his failure to cooperate and his hostile and argumentative behavior." Persels Decl. at ¶ 3. On February 17, 2012, ODOC "retook" Plaintiff, and Plaintiff was arrested and held in ODOC custody for eight days.

Plaintiff alleges the "State Court in Hood River County invalidated the arrest and confinement from the Interstate Compact on" April 26, 2012. Nevertheless, ODOC has "refused to continue Plaintiff's supervision in Washington State."

On January 11, 2013, Plaintiff filed a *pro se* Complaint in this Court in which he alleged ODOC violated ICAOS when Plaintiff

3 - OPINION AND ORDER

was arrested and incarcerated for refusing to sign the
supervision plan in Washington.

On January 24, 2013, the Court dismissed Plaintiff's
Complaint on the grounds that (1) ODOC is immune from actions for
damages in federal court under the Eleventh Amendment and the
doctrine of sovereign immunity; (2) Plaintiff failed to allege
the legality of his confinement had been invalidated or otherwise
set aside, and, therefore, his claim was barred by *Heck v.
Humphrey*, 512 U.S. 641 (1997); and (3) ICAOS does not create a
private right of action, and, therefore, Plaintiff failed to
state a claim on which relief could be granted.  The Court gave
Plaintiff leave to file an amended complaint to cure the
deficiencies noted in the Court's Opinion and Order.

On February 21, 2013, Plaintiff filed an Amended Complaint
against ODOC, Dawn Persels, and Marjorie Martin in which he
alleged pursuant to 42 U.S.C. § 1983 that Defendants violated his
rights under the Fourth, Fifth, and Fourteenth Amendments to the
United States Constitution when Persels requested Plaintiff to be
arrested without a hearing, Persels refused to continue
Plaintiff's supervision in Washington, and Martin failed to
afford Plaintiff a probable-cause hearing before his arrest.

On March 11, 2013, the Court issued an Opinion and Order in
which the Court (1) dismissed Plaintiff's claims against ODOC on
the basis of sovereign immunity, (2) dismissed Plaintiff's claims

4 - OPINION AND ORDER

to the extent that he alleged violations of ICAOS because the
Compact does not create a private right of action, and
(3) dismissed Plaintiff's claims against Marjorie Martin for lack
of personal jurisdiction.  The Court noted this matter would
proceed only as to Plaintiff's constitutional claims under § 1983
against Persels.

On July 9, 2013, Plaintiff filed a Motion for Summary
Judgment.  On August 1, 2013, Persels filed a Motion for Summary
Judgment.  The Court took the parties' Motions under advisement
on September 23, 2013.


## STANDARDS

Summary judgment is appropriate when "there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law." *Washington Mut. Ins. v. United
States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R.
Civ. P. 56(a).  The moving party must show the absence of a
dispute as to a material fact.  *Rivera v. Philip Morris, Inc.*,
395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly
supported motion for summary judgment, the nonmoving party must
go beyond the pleadings and show there is a genuine dispute as to
a material fact for trial.  *Id*.  "This burden is not a light one.
. . .  The non-moving party must do more than show there is some
'metaphysical doubt' as to the material facts at issue." *In re*

5 - OPINION AND ORDER

*Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted). A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.,* No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the

resolution of a factual dispute would not affect the outcome of
the claim, the court may grant summary judgment.  *Id*.


## DISCUSSION

Defendant moves for summary judgment on Plaintiff's
remaining claims on the grounds that (1) individuals do not have
a right of action under 42 U.S.C. § 1983 to enforce the
provisions of ICAOS, (2) Plaintiff did not have a right to a
probable-cause hearing in Oregon, and (3) sovereign immunity bars
a damages award against Defendant in her official capacity.

Plaintiff moves for summary judgment on the ground that he
was entitled to a probable-cause hearing under ICAOS as a matter
of law before he was retaken.

**I.   There is not any right of action under § 1983 to enforce
ICAOS.**

As noted, Defendant moves for summary judgment on the ground
that Plaintiff may not bring a claim under § 1983 for an alleged
violation of ICAOS.  Defendant relies on *Doe v. Pennsylvania
Board of Probation and Parole*, 513 F.3d 95 (3d Cir. 2008), to
support her position.

In *Doe* the Pennsylvania Board of Parole denied the
plaintiff's application for transfer of probation to
Pennsylvania.  The plaintiff filed an action under § 1983
alleging, among other things, that the Pennsylvania Board of

7 - OPINION AND ORDER

Parole and its Board Chairman violated his right to due process under the United States Constitution and violated ICAOS. *Id*. at 100. The Third Circuit analyzed whether the plaintiff could bring a claim under § 1983 to enforce provisions of ICAOS:

> Because the Compact does not manifest either expressly or indirectly an intent to create a federal right or remedy, we hold that the Compact itself does not create an enforceable right. The language of the Compact itself creates rights for the various states who are signatories to it. It does not create rights for probationers or parolees. Notably, the title under which Congress approved the Compact - "An act granting the consent of Congress to any two or more states to enter into agreements or compacts for cooperative effort and mutual assistance in the prevention of crime and for other purposes" - supports our inference that Congress approved the Compact as a means of aiding the states in crime prevention, not as a vehicle to provide procedural rights for probationers and parolees.
>
> At the second point of inquiry, the Probation Compact regulates interactions among the states, delineating one state's rights and responsibilities to another. . . . [Th]e Compact . . . focuses upon the State entities regulated by the standards, "rather than the individuals protected." *Sandoval*, 532 U.S. at 289, 121 S. Ct. 1511. The Compact, we conclude, creates "no implication of an intent to confer rights on a particular class of persons." *Id*.
>
> Lastly, the Compact has no mechanism by which to enforce the alleged "rights" of probationers or parolees. The Compact mentions neither court adjudication nor administrative proceedings. These omissions further lead us to conclude that Congress did not intend to create an enforceable federal right for probationers or parolees under this Compact.
>
> We hold that [the plaintiff] does not have a private right of action under Section 1983 to

enforce the provisions of the Interstate Compact because one cannot be inferred from its terms.

*Id.* at 104-05.

Plaintiff bases his constitutional claims for deprivation of liberty and property without due process on Defendant's alleged violation of various provisions of ICAOS.  The Court finds *Doe* to be well-reasoned, adopts its analysis, and concludes Plaintiff cannot bring a claim under § 1983 for violation of his right to due process under the Fourth, Fifth, or Fourteenth Amendments based on alleged violations of ICAOS.

## II.  Plaintiff did not have a right to a hearing in Oregon.

Plaintiff relies on ICAOS Rule 5.108 to support his position that he was entitled to a probable-cause hearing before he was "retaken" by ODOC.  Defendant disputes the applicability of Rule 5.108, but contends even if Plaintiff could bring a claim under § 1983 for violation of his right to due process based on the failure to provide him with a probable-cause hearing under ICAOS, WDOC and/or the Washington Parole Board would be the proper party responsible for such a hearing.  According to Defendant, therefore, she is not liable for the failure to provide Plaintiff with a probable-cause hearing.

ICAOS Rule 5.108 provides for a probable-cause hearing in a "receiving state," which is defined as the "state to which an offender requests transfer of supervision or is transferred." ICAOS Rule 1.101.  The state to which Plaintiff requested a

9 - OPINION AND ORDER

transfer of supervision was Washington.  In addition, Rule 5.108(a) provides:  "An offender subject to retaking for violation of conditions of supervision that may result in a revocation shall be afforded the opportunity for a probable cause hearing before a neutral and detached hearing officer *in or reasonably near the place where the alleged violation occurred*." Emphasis added.  Here the violation alleged by Plaintiff occurred in Washington.  Thus, even if Plaintiff was entitled to a probable-cause hearing before being retaken (which Defendant contends he was not) and even if Plaintiff could bring an action under § 1983 for violation of ICAOS Rules related to probable-cause hearings, the Court concludes that hearing would have been required to be held by WDOC or Washington probation or parole authorities.  Defendant, however, is an Oregon employee of ODOC and, therefore, is not the appropriate individual against whom to bring a claim related to an alleged failure to provide Plaintiff with a probable-cause hearing under these circumstances.

Accordingly, the Court denies Plaintiff's Motion for Summary Judgment and grants Defendant's Motion for Summary Judgment.


## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#22) for Summary Judgment, **GRANTS** Defendant's Motion (#31) for Summary Judgment, and **DISMISSES** Plaintiff's remaining claims **with**

10 - OPINION AND ORDER

**prejudice.**

IT IS SO ORDERED.

DATED this 4th day of November, 2013.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER